## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NAOMI M. EADS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-760-D |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Naomi M. Eads ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments[1] under the Social Security Act.  This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

### Administrative Proceedings

Plaintiff initiated these proceedings by filing her application seeking disability insurance benefits in September, 2004 [Tr. 55 - 58], "alleg[ing] that she became disabled on January 14, 2002 due to vision loss in [her] left eye, possible multiple sclerosis (MS),

---

[1]Both the case decision and the parties' briefs refer to Plaintiff's application for supplemental security income payments; no administrative documents pertaining to such claim, however, are in the record on appeal.

memory loss, restless leg syndrome, [a] suicide attempt, anxiety, and possible peripheral neuropathy." [Tr. 15]. Plaintiff's claims were denied initially and upon reconsideration [Tr. 46 - 48 and 51 - 54]; at Plaintiff's request an Administrative Law Judge ("ALJ") conducted a November, 2006 hearing where Plaintiff, who was represented by counsel, and a medical expert testified [Tr. 330 - 353]. In his February 2007 decision the ALJ found that Plaintiff retained the capacity to perform her past relevant work and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 14 - 21]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 5 - 8], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

## Standard of Review

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  See 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Under this sequential procedure, Plaintiff  bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *Turner,* 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff's opening brief contains a lengthy discussion of the medical evidence pertaining to each of her claimed impairments, her claims of error focus on only two of these alleged impairments: vision problems and anxiety.  As to her vision difficulties, Plaintiff maintains that the ALJ erred by finding that these problems were not severe at step two of the sequential analysis.  She further contends that the ALJ failed to properly assess her

residual functional capacity ("RFC")[2] because the RFC addressed neither Plaintiff's vision difficulties nor her inability to tolerate active involvement with the general public.  Finally, Plaintiff argues that the ALJ failed to perform a proper analysis of the demands of Plaintiff's past work at the fourth step of the sequential analysis.  In light of the related nature of these arguments, they will be addressed together.

**Analysis**

The ALJ concluded that Plaintiff's "past relevant work as [an] auto dashboard installer, sales associate, secretary, cashier, correction officer and customer service [representative] did not require the performance of work-related activities precluded by her residual functional capacity." [Tr. 20].   As formulated by the ALJ, Plaintiff's RFC – as it pertains to the claims of error – contains no limitations with regard to Plaintiff's vision or to her ability to deal with the general public.  *Id.*  The issues on appeal center primarily on whether these limitations should have been included in the RFC and, if they had been, whether all of Plaintiff's past work would be precluded.

Also at issue and a claim of error which serves to greatly narrow the matters requiring resolution by the court, is the question of whether the ALJ properly assessed the demands of Plaintiff's past work at step four of the sequential process.  At the first phase of his step four analysis, *see Winfrey v. Chater,* 92 F.3d 1017, 1023 - 24 (10th Cir. 1996), the ALJ concluded in his RFC assessment that Plaintiff was capable of understanding, remembering, and

---

[2]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a) (1), 416.945 (a) (1).

4

carrying out only very short and simple instructions [Tr. 20]. At the second phase of the *Winfrey* analysis where the ALJ was required to obtain information about the physical and mental demands of Plaintiff's past work and make findings with respect to those demands, *see Winfrey,* 92 F.3d at 1024, the ALJ, who did not utilize a vocational expert at the administrative hearing,[3] determined that

> Since the claimant has a residual functional capacity with no exertional limitations; and is able to understand and remember locations; able to remember very short and simple instructions and carry out same; and is able to maintain attention and concentration for extended periods, able to relate superficially to co-workers and supervisors, she could perform her past relevant work as actually performed.

[Tr. 19]. As Plaintiff suggests, by this statement "the ALJ simply set forth the restrictions included in [Plaintiff's] RFC and made absolutely no findings regarding the physical and particularly the mental demands of [Plaintiff's] past relevant work." [Doc. No. 17, p. 18]. The ALJ likewise failed at phase three, *see Winfrey,* 92 F.3d at 1025, to explain the rationale for his conclusion that Plaintiff's RFC did not preclude the performance of her past work. Accordingly, Plaintiff correctly maintains that the ALJ did make a proper step four determination as a matter of law.

In addition to challenging the legal foundation of the step four finding, Plaintiff also contends that substantial evidence does not support such finding. Plaintiff relies upon the descriptions of Plaintiff's past work found in the *Dictionary of Occupational Titles*

---

[3]Moreover, the information elicited at the administrative hearing about Plaintiff's past work touched only on her general responsibilities [Tr. 333 - 340]. The only other vocational evidence of record is contained in Plaintiff's Work History Report which was generated at the State agency level [Tr. 69 - 75].

("DOT"),[4] attaching to her opening brief the DOT specifications of the six positions identified by the ALJ as Plaintiff's past relevant work.  Plaintiff maintains – accurately – that the DOT indicates that Plaintiff's past work as a secretary (DICOT 201.362-030), cashier (DICOT 211.362-010), customer service representative (DICOT 205.362-026), correction officer (DICOT 372.667-018) and sales representative (DICOT 250.357-022) all require a "reasoning level" of three or greater.  A reasoning requirement at this level, Plaintiff argues, would exceed her RFC restriction to work involving "very short and simple instructions." [Tr. 20].  As will be subsequently discussed in greater detail, there is no precise DOT title for what the ALJ labeled as an "auto dashboard installer." *Id.* Accordingly, Plaintiff attached three possible titles for this particular work: automobile accessories installer (DICOT 806.684-038), padded products finisher (DICOT 752.684-034), and automobile body customizer (DICOT 807.361-010).  Plaintiff maintains that the reasoning levels required for these jobs – two, two, and three respectively, likewise exceed her RFC.

In responding to Plaintiff's arguments regarding the step four determination, the Commissioner does not defend the *legal* validity of the ALJ's assessment but contends instead that, "[A]ny error here was harmless because, despite Plaintiff's arguments to the contrary, she has not shown an inability to perform all of her past relevant jobs.  An error is harmless when no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way. *See Fischer-Ross v. Barnhart,* 431 F.3d

---

[4]The *Dictionary of Occupational Titles* or "DOT" as published by the Department of Labor is one of several publications from which the Social Security Administration "will take administrative notice of reliable job information."  20 C.F.R. §§ 404.1566 (d) (1), 416.966 (d) (1).

729, 734 - 35 (10th Cir. 2005)." [Doc. No. 18, p. 9].   Specifically, the Commissioner
maintains that "[t]he evidence establishes that even if Plaintiff could not perform all of her
past jobs, she could perform at least two of them."   *Id.*   The two jobs which the
Commissioner maintains Plaintiff can perform are the two possible automobile installer titles
identified by Plaintiff which require a reasoning level of two, the automobile accessories
installer and the padded products finisher.  *Id.* at 10. The Commissioner does not in any
manner dispute and, consequently, concedes for purposes of this appeal Plaintiff's claim that
substantial evidence fails to support the ALJ's determination that she could perform her past
work as a sales assistant, secretary, cashier, correction officer or customer service
representative due to the required reasoning level – three or greater – of these positions.  *See
Hackett v. Barnhart,* 395 F.3d 1168, 1176 (10th Cir. 2005).  Thus, it not necessary to address
Plaintiff's parallel argument that she cannot perform these same jobs because she is unable
deal with the general public, a limitation which she claims was erroneously omitted from her
RFC.

What remains for determination are the following questions: (1) does the reasoning
level established by the DOT for Plaintiff's automobile installer work exceed her RFC, and
(2) should vision limitations have been included in Plaintiff's RFC which would, in turn,
impact her ability to perform this  past work.  As to the first question, Plaintiff described her
work as a "gold and woodgrain dashboard installer." [Tr. 70].  She further stated that she
performed this work for the "automobile aftermarket" from 1993 to 1997, a time period prior
to the onset of her alleged disability [Tr. 69].  When asked to describe a day at work, Plaintiff

stated: "[O]utside sales @ car dealerships.  Used plating machine to turn emblems on cars gold, and installed fabricated wood dashboards.  Traveled across the state of NJ to jobs." [Tr. 70].

In order to determine whether the reasoning level for this work exceeds Plaintiff's RFC, it is necessary to determine which of the three DOT titles suggested by the parties most closely approximates Plaintiff's previous work.  In the absence vocational testimony and of *any* testimony by the Plaintiff at her administrative hearing about the specifics of this work and its demands, the undersigned can only rely on Plaintiff's brief written description of her work to reach a conclusion.  After comparing Plaintiff's description of her work with the DOT's specifications of the work of a padded-products finisher (DICOT 752.684-034), the undersigned notes that the position involves finish and repair work on padded automobile products; the *only* common thread running between this position and Plaintiff's work is that it involves dashboards.  The position of automobile accessories installer (DICOT 806.684-038), as its name implies, involves the installation of automobile accessories such as heaters, radios, seat belts, mirrors, and so forth.  The position of automobile body customizer (DICOT 807.361-010) appears to the undersigned to most closely correlate with Plaintiff's description of her work.  The DOT states that a worker in this position "[i]nstalls custom equipment to alter appearance of automotive vehicle according to customer specifications, using handtools and power tools."  *Id.*  This position requires a reasoning level of three which the Commissioner has implicitly conceded exceeds Plaintiff's RFC restriction to "very short and simple instructions." [Tr. 20; Doc. No. 18, p. 10].

8

Because the Commissioner has not contested Plaintiff's claim that the ALJ's step four analysis failed as a matter of law and is relying instead upon a claim that such error was harmless, in order for this claim to succeed, the undersigned must find that no reasonable administrative factfinder could have found that Plaintiff's automotive work required a reasoning level in excess of two.  Accordingly, what makes the foregoing comparison meaningful is not the undersigned's *conclusion* that Plaintiff's work most closely matches that of an automobile body customizer with its required reasoning level of three but rather it is the finding that such a conclusion is a reasonable one.  *See Fischer-Ross,* 431 F.3d at 733 - 734.  In light of this determination, it is not necessary to consider whether any alleged vision impairments would have precluded Plaintiff's return to her work as an "auto dashboard installer."

The ALJ committed legal, non-harmless error by concluding that Plaintiff could return to her past relevant work without performing a proper analysis at step four of the sequential process, and remand is required for further proceedings.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by May 22, 2008, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d

656 (10th Cir. 1991).   This Report and Recommendation disposes of all issues referred to

the Magistrate Judge in this matter.

ENTERED this 2nd day of May, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE